IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSEPH J. LANDINO, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civ. No. 1:10-cv-1385-LO-JFA |
| BRUCE CARLSON, DIRECTOR, NAT'L RECONNAISSANCE OFFICE, *et al.* | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff Landino's Motion to Reconsider Order Granting Defendants' Motion To Dismiss Or For Summary Judgment On All Counts ("Motion") (Dkt. No. 43). For the following reasons, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. PROCEDURAL HISTORY

Plaintiff filed this action on December 6, 2010, alleging various harassment and retaliation claims under Title VII. (Dkt. No. 1.) On December 28, 2010, Plaintiff filed an Amended Complaint, and on March 4, 2011, a Second Amended Complaint. (Dkt. Nos. 3 & 16.) Count I of the Second Amended Complaint alleges that NRO harassed Plaintiff through one of his supervisors because of his gender. Counts II through VII allege that Defendants retaliated against Plaintiff for filing complaints about harassment and subsequent retaliation by preventing him from being selected for several positions and by convincing him to take a suboptimal position. Count VII alleges that Defendants retaliated by refusing Plaintiff a bonus.

Defendants moved for dismissal and for summary judgment. (Dkt. Nos. 18 & 19.) The

1

motions were argued on May 20, 2011, whereupon the Court took this matter under advisement. (Dkt. No. 39.) On February 7, 2012, the Court dismissed Plaintiff's Second Amended Complaint in its entirety by Memorandum Opinion and Order. (Dkt. No. 42.) Plaintiff timely filed this Motion under Rule 59(e).

## II. DISCUSSION

### A. Counts I, II, III, & IV

When evaluating the motion to dismiss (Dkt. No. 18), the Court takes the alleged facts in the light most favorable to Plaintiff, but need not accept either legal conclusions drawn from the facts or unwarranted inferences, conclusions, or arguments. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citing *E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). Plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering the motion for summary judgment (Dkt. No. 19), the Court construes the facts in the light most favorable to Plaintiff and does not evaluate credibility or weight. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiff argues that the Court incorrectly dismissed Counts I through IV by weighing the evidence instead of taking all facts in the light most favorable to him. The Court does not believe it did any such thing. Instead, the Court found that Plaintiff's claims of harassment and retaliation are quite speculative, relying as they do on generalizations and abstractions. After applying the proper legal analysis to the pleadings, the Court found them unsustainable. The Court made no unwarranted inferences from these "facts" and did not accept inaccurate legal conclusions derived from them. Counts I, II, III, and IV of Plaintiff's Second Amended

Complaint therefore must be dismissed with prejudice.

### B. Counts V, VI, & VII

A plaintiff's failure to exhaust administrative remedies concerning a Title VII claim deprives the Court of subject matter jurisdiction over the claim. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing *Davis v. N. Carolina Dep't of Corr.*, 48 F.3d 134, 138-40 (4th Cir. 1995)). Exhaustion is not satisfied if the 180-day period lapses while the litigation is ongoing. *Bell v. Donley*, 724 F.Supp.2d 1, 15 (D.D.C. 2010). Plaintiff may nevertheless prevail if a claim raised for the first time in district court relates back to an exhausted claim. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992); *Fleming v. Potter*, No. Civ. A. 2:04-cv-444, 2005 WL 1185806, *7 (E.D. Va. May 17, 2005).

It is undisputed that Counts V and VI were charged at the agency level on August 6, 2010 and August 24, 2010, respectively. Both counts were added to Plaintiff's Amended Complaint on December 28, 2010, less than 180 days after filing, and the agency had not yet disposed of the related charges. Because Plaintiff raised both claims before the agency, he could not raise them here until they had been exhausted within the agency process. Count VII was apparently never charged. The Court must therefore dismiss Counts V-VII without prejudice for lack of subject matter jurisdiction. *Jones*, 551 F.3d at 301.

### III. CONCLUSION

For the foregoing reasons, Counts I, II, III, and IV must be **DISMISSED WITH PREJUDICE** and Counts V, VI and VII must be **DISMISSED WITHOUT PREJUDICE**. An appropriate order shall issue.

Alexandria, Virginia  
April 18, 2012

/s/  
Liam O'Grady  
United States District Judge

3